BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
HEATHER MARDEL JONES
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
(559) 497-4000  Telephone
(559) 497-4099  Facsimile

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>APPROXIMATELY $23,846.00 IN U.S. CURRENCY,<br><br>             Defendant. | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

The United States, by and through its undersigned attorney, alleges as follows:

### Nature of Action

1. This is a civil action *in rem* to forfeit to the United States approximately $23,846.00 in U.S. Currency ("the defendant currency"), pursuant to 21 U.S.C. § 881(a)(6), on grounds that it constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, and is proceeds traceable to such an exchange, and was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq*. Additionally, pursuant to 18 U.S.C. § 981(a)(1)(A), 31 U.S.C. §§ 5317 and 5332, that the defendant currency constitutes proceeds traceable to a violation of 31 U.S.C. § 5316, and constitutes a thing of value furnished, or intended to be furnished, or used, or intended to be used, or involved in, or intended to be involved in, a violation of 31 U.S.C. §§ 5316 and/or 5332.

2. The defendant currency was seized on October 23, 2012, at Fresno Yosemite Airport, 1551 North Peach Avenue in Fresno, California and is in the custody of the U.S. Marshals Service, Eastern District of California.

## Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

4. This district is a proper venue pursuant to 28 U.S.C. § 1395, because the United States' claim accrued in this district and the property to be forfeited was found in this district.

5. Pursuant to Federal Rule of Civil Procedure, Rule 9(h), this case is designated as a case within the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. This case is governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and pursuant to Rule G(9), trial is to be to the Court unless any party demands trial in compliance with Federal Rules of Civil Procedure, Rule 38, within 14 days of the service of this pleading.

## Factual Allegations

8. On October 23, 2012, at approximately 7:00 p.m., Por Ye Lee (hereafter "Lee") and Xia Her (hereafter "Her") were contacted by law enforcement inside the Fresno Yosemite Airport. While walking and talking with law enforcement, Lee and Her confirmed that they had checked one bag at the US Airways Terminal. Lee and Her were informed several times that they were not under arrest and that they were free to leave at any time.

9. Once Lee and Her arrived at the baggage claim area of the airport, they both consented to empty their pockets and allow their property to be searched. Upon completion of the search, law enforcement located a bundle of an undetermined amount of U.S. currency in Her's carry-on bag, in addition to a second bundle of an undetermined amount of U.S. currency on Lee's person. Lee confirmed that all of the U.S. currency was his, but did not know how much he had with him. Amongst the items searched, law enforcement located a paper with different numbers, half represented as dollar amounts. Based on their

training and experience, law enforcement officers determined that this paper was a "pay/owe" sheet, a type of business record commonly used by drug traffickers to log their transactions.

10. At approximately 7:30 p.m., Her and Lee were separately interviewed.

11. During Her's interview, Her stated that she and Lee were married and planned on staying in Fresno, California for approximately two weeks. Her stated that she and Lee were going to stay at her cousin's house in Fresno, California who was a farmer in cucumbers, corn, and melons. Her explained that she and Lee owned a business called World Travel. Her told law enforcement officers that her role in World Travel is to pay bills and answers phones.

12. During Lee's interview, Lee stated that Her purchased his ticket to Fresno, California and that he did not know when Her purchased the tickets or how she had paid for them. Lee stated that he and Her had planned to stay in Fresno, California for two weeks and that they were going to purchase clothes and rent a space near Kings Canyon while they in town. When asked later about their travel plans, Lee altered his story and stated that he had planned to stay with his brother, Ntxoov Txam Lis. Lee further stated that he had planned on starting a business in Fresno, California. Lee stated that all of the money found during the search was his money.

13. At approximately 7:45 p.m., a law enforcement agent arranged for a narcotics canine unit with the Fresno County Sheriff's Department to conduct a sniff search on the defendant currency. The currency was placed back inside the carry-on bag that Her had on the flight and was taken outside for the canine to sniff search. When the sniff search was conducted, the canine gave a positive alert to the presence of narcotics odor on both the carry-on and the currency.

14. At approximately 8:00 p.m., law enforcement explained to Lee and Her that the currency was going to be seized. Lee and Her were provided with an property receipt for an undetermined amount of currency seized. At approximately 8:05 p.m., law enforcement departed from the Fresno Yosemite Airport and traveled to the law

enforcement office where the currency was booked into the evidence vault.

15. On October 24, 2013, law enforcement retrieved the currency from the evidence vault and transported the currency to Brinks where an official count of the currency was made and the total came to approximately $23,846.00. The currency was in the following denominations: one hundred eighty-seven $100 bills (one hundred were strapped), twenty-five $50 bills, one hundred eighty-four $20 bills (one hundred were strapped), twelve $10 bills, seventeen $5 bills, and eleven $1 bills.

16. On or about February 26, 2013, Xia Her and Por Ye Lee each filed untimely administrative claims to the defendant currency stating that the defendant currency represents savings, operating capital, and proceeds earned from solely owned unincorporated business CU Mobile Express, formerly known as World Travel Service.

**FIRST CLAIM FOR RELIEF**
**[21 U.S.C. § 881(a)(6)]**

17. The United States repeats and realleges each and every allegation set forth in paragraphs 1 through 16 above.

18. The defendant currency constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, and is proceeds traceable to such an exchange, and was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq*.

19. As a result of the foregoing, the defendant currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6).

**SECOND CLAIM FOR RELIEF**
**[18 U.S.C. § 981(a)(1)(A) and 31 U.S.C. § 5317(c)]**

20. The United States repeats and realleges each and every allegation set forth in paragraphs 1 through 19 above.

21. The defendant currency was used, or intended for use, or was involved, or was intended to be involved in, in any manner, to facilitate a violation of 31 U.S.C. § 5316.

22. As a result of the foregoing, the defendant currency is subject to forfeiture to

the United States under 18 U.S.C. § 981(a)(1)(A) and 31 U.S.C. § 5317(c).

## THIRD CLAIM FOR RELIEF
### [18 U.S.C. § 981(a)(1)(A) and 31 U.S.C. § 5317]

23. The United States repeats and realleges each and every allegation set forth in paragraphs 1 through 22 above.

24. The defendant currency constitutes proceeds traceable to one or more violations of 31 U.S.C. § 5316.

25. As a result of the foregoing, the defendant currency is subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(A) and 31 U.S.C. § 5317.

## FOURTH CLAIM FOR RELIEF
### [18 U.S.C. § 981(a)(1)(A) and 31 U.S.C. § 5332(c)]

26. The United States repeats and realleges each and every allegation set forth in paragraphs 1 through 25 above.

27. The defendant currency was used, or intended for use, or was involved, or was intended to be involved in, in any manner, to facilitate a violation of 31 U.S.C. § 5332.

28. As a result of the foregoing, the defendant currency is subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(A) and 31 U.S.C. § 5332(c).

WHEREFORE, plaintiff prays that:

1. Process issue according to the procedures of this Court in cases of action *in rem*;

2. Any person having an interest in the defendant currency be given notice to file a claim and to answer the complaint;

3. This Court enter a judgment of forfeiture of the defendant currency to the United States; and

///

///

4.     For such further relief as the Court deems just and proper.

                                        Respectfully submitted,

Dated:  June 28, 2013                BENJAMIN B. WAGNER
                                        United States Attorney

                                        /s/ Jeffrey A. Spivak
                                        JEFFREY A. SPIVAK
                                        Assistant United States Attorney

## **VERIFICATION**

I, Adam C. Kannegieser, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my knowledge and belief.

The sources of my knowledge and belief are in the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated:  June 27, 2013          /s/ Adam C. Kannegieser
ADAM C. KANNEGIESER
Special Agent
Drug Enforcement Administration
(Original signature retained by attorney)